Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 (Popular Name) AMENDMENT TO PROVIDE THE COUNTY CLERKS TO WITNESS, SIGN AND NOTORIZE [SIC] AN INITIATIVE PETITION
 (Ballot Title) AMENDMENT TO PROVIDE THE SPONSOR OF A FEDERAL INITIATIVE PETITION WRITTEN AS AN AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA WITHIN THE PROVISIONS PROVIDED IN THE CONSTITUTION OF THE UNITED STATES OF AMERICA SHALL VOLUNTARILY BE PROVIDED TO SUBMIT THE CANVASSER'S SIGNATURE SHEET(S) OF THE INITIATIVE PETITION TO THE SECRETARY OF STATE OF THE STATE OF ARKANSAS; TO PROVIDE THE SPONSOR OF A STATE WIDE INITIATIVE PETITION WRITTEN AS AN AMENDMENT, ACT AND REFERENDUM APPROVED BY THE ATTORNEY GENERAL OF THE STATE OF ARKANSAS SHALL VOLUNTARILY BE PROVIDED TO SUBMIT THE CANVASSER'S SIGNATURE SHEET(S) OF THE INITIATIVE PETITION TO THE SECRETARY OF STATE OF THE STATE OF ARKANSAS; TO PROVIDE THE SECRETARY OF STATE OF THE STATE OF ARKANSAS SHALL FORWARD A COPY OF THE CANVASSER'S SIGNATURE SHEET(S) OF A FEDERAL AND STATE WIDE INITIATIVE PETITION TO THE OFFICE OF THE COUNTY CLERK OF EACH COUNTY; TO PROVIDE THE SPONSOR OF A LOCAL COUNTY AND MUNICIPAL INITIATIVE PETITION WITH A WRITTEN CERTIFICATION OF LEGAL REVIEW BY AN ATTORNEY AT LAW DULY REGISTERED AND LICENSED TO PRACTICE IN THE STATE OF ARKANSAS SHALL VOLUNTARILY BE PROVIDED TO SUBMIT THE CANVASSER'S SIGNATURE SHEET(S) OF THE INITIATIVE PETITION TO THE COUNTY CLERK OF THE RESPECTIVE COUNTY AND RESPECTIVE COUNTY OF THE MUNICIPALITY; TO PROVIDE THE COUNTY CLERK SHALL PUBLICLY POST THE CANVASSER'S SIGNATURE SHEET(S) OF THE INITIATIVE PETITION AS A PUBLIC NOTICE WITHIN THE COUNTY COURT BUILDING; TO PROVIDE THE COUNTY CLERK SHALL WITNESS THE SIGNATURE ON A CANVASSER'S SIGNATURE SHEET OF THE INITIATIVE PETITION; TO PROVIDE THE COUNTY CLERK SHALL NOTORIZE [SIC] EACH SIGNED PETITION; TO PROVIDE THE COUNTY CLERK SHALL NOTORIZE [SIC] EACH SIGNED CANVASSER'S SIGNATURE SHEET OF THE INITIATIVE PETITION; TO PROVIDE THE COUNTY CLERK SHALL FORWARD THE NOTORIZED [SIC] CANVASSER'S SIGNATURE SHEET(S) OF THE INITIATIVE PETITION TO THE SPONSOR OF THE INITIATIVE PETITION; TO PROVIDE NO FEE SHALL BE APPLIED BY THE SECRETARY OF STATE OF THE STATE OF ARKANSAS AND COUNTY CLERK FOR COPIES OF THE CANVASSER'S SIGNATURE SHEET(S) AND NOTORIZATION [SIC] OF EACH CANVASSER'S SIGNATURE SHEET OF THE INITIATIVE PETITION; TO PROVIDE FOR THE WITHDRAW OF AN INITIATIVE PETITION FROM THE COUNTY CLERK BY REQUEST OF THE SPONSOR; TO PROVIDE A FINE FOR THE FRAUDULENT WITHDRAW OF AN INITIATIVE PETITION; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR THE REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to a number of ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguity. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
The ambiguities to which I refer include the following:
 1. Section 1 (1) of your proposed measure provides as follows:" Upon passage of this amendment an Initiative Petition within the provisions provided in the Constitution of the Unied [sic] States of America written as an amendment to the Constitution of the United States of America shall provide the sponsor of an Initiative Petition to voluntarily submit to the Secretary of State of the State of Arkansas the canvasser's signature sheet(s) of the Initiative Petition at any time." I am at a loss to determine the intention or effect of this provision. The amendment of the Constitution of the United States of America is governed by article 5 thereof, which provides in pertinent part as follows: "The congress, whenever two-thirds of both houses shall deem it necessary, shall propose amendments to this Constitution, or, on the application of the legislatures of two-thirds of the several states, shall call a convention for proposing amendments, which, in either case, shall be valid to all intents and purposes, as part of this Constitution, when ratified by the legislatures of three-fourths thereof, as the one or the other mode of ratification may be proposed by the congress. . . ." The language above does not contemplate "initiative petitions" circulated by "sponsors." It has been stated that:" The term "legislatures" as used in Article V means deliberative, representative bodies of the type which in 1789 exercised the legislative power in the several States. It does not comprehend the popular referendum which has subsequently become a part of the legislative process in many of the States, nor may a State validly condition ratification of a proposed constitutional amendment on its approval by such a referendum." See The Constitution of the United States of America, Analysis and Interpretation (U.S. Government Printing Office 1996) at 910, citing Hawke v. Smith, 253 U.S. 221, 231
(1920). "The function of a state legislature in ratifying a proposed amendment to the Federal Constitution, like the function of Congress in proposing the amendment, is as federal function derived from the Federal Constitution; and it transcends any limitations sought to be imposed by the people of a State." Leser v. Garnett, 258 U.S. 130, 137
(1922). I cannot, therefore, fairly summarize the effects of your measure in this regard. Section 1 (12) of your proposal suffers from a similar unresolved ambiguity in this regard. It provides that: "The Secretary of State . . . upon placing a federal Initiative Petition on the election ballot shall. . . ." This occurrence is not contemplated by applicable federal law. See also Section (1)(13).
 2. Additional ambiguities arise from Section 1 (2) of your proposed amendment. It provides as follows: "Upon passage of this amendment an Initiative Petition within the provisions provided by Amendment 7 of the Constitution of the State of Arkansas written as a state wide amendment, act and referendum approved by the Attorney General of the State of Arkansas shall provide the sponsor of an Initiative Petition to voluntarily submit to the Secretary of State of the State of Arkansas the canvasser's signature sheet(s) of the Initiative Petition at any time after approval of the Initiative Petition by the Attorney General of the State of Arkansas." As an initial matter, a mismatch between the subject and the predicate in this sentence makes its interpretation impossible. The sentence states that "an Initiative Petition . . . shall provide the sponsor of an Initiative Petition to voluntarily submit. . . ." I cannot determine the effect of this language. In addition, this language of your proposal applies to initiative petitions "written as a state wide amendment, act and referendum. . . ." While it is possible to propose either an initiated constitutional amendment, act, or a referendum measure under the provisions of Amendment 7, to my knowledge it is impossible to do all three at once, as your proposal suggests. Further, the language of your proposal refers to the Attorney General's "approval" of such "Initiative Petition[s]." My statutory duty is only to "certify" a ballot title and popular name for initiative measures. I have no role in the "approval" of initiative petitions. The effect of your measure on current law in this regard is therefore unclear. Finally, Section 1(1) of your proposed measure states that: "an Initiative Petition . . . shall provide the sponsor of an Initiative Petition to voluntarily submit to the Secretary of State . . . the canvasser's signature sheet(s). . . ." This language is unclear. It utilizes both the mandatory language "shall," and includes the word "voluntarily," implying a discretionary occurrence. I cannot, therefore, determine its effect. The same infirmity exits in other portions of your proposed measure. See Sections 1 (4) and (5).
 3. Further ambiguities arise from Section 1, subsections (14) through (16). Subsection (14) provides that: "[t]he sponsor of a local Initiative Petition shall upon written and notorized [sic] request withdraw the Initiative Petition from the county clerk." This provision is written in mandatory terms. Upon request, the sponsor is to "withdraw" the petition from the county clerks. The language does not specify who is authorized to request such withdrawal, however. Subsection (15) provides that: "The Secretary of State . . . shall upon written and notorized [sic] request by the sponsor of a state wide Initiative Petition withdraw the Initiative Petition from the county clerks." This section does not suffer from the same infirmity as subsection (14) above, but the concept of the "withdraw[al]" of initiative petitions is in my judgment unclear. I am uncertain whether this language refers to the abandonment of the petition by the sponsor, i.e. that it will not be pursued further, or whether this language simply refers to the transfer of custody of the petitions from one officer to another. An additional ambiguity arises in this regard in Section 16 (a) which provides that: "[t]he county clerk shall remove the requested withdraw of a canvasser's signature sheet(s) of the Initiative Petition from public notice within the county court building and no further signatures shall be witnessed by the county clerk on the withdrawn Initiative Petition." I cannot determine the effect of this language.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General